IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTIAN ANDERSON )<br>27026 Meadowood Drive )<br>Bldg. 7, Apt. 204 )<br>Wixom, Michigan, 48393 )<br> )<br> On behalf of himself and all others )<br> similarly-situated )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>SOUTH LYON HOTEL, INC. )<br>201 N. Lafayette St, )<br>South Lyon, Michigan, 48178 )<br> )<br> **Serve also:** )<br> Christopher Baker, )<br> Resident Agent )<br> 201 N. Lafayette )<br> South Lyon, MI 48178 )<br> )<br> -and- )<br> )<br>CORRY BALA )<br>201 N. Lafayette )<br>South Lyon, Michigan 48178 )<br> )<br> Defendants. ) | CASE NO.:<br><br>JUDGE:<br><br><br>(Jury Demand Endorsed Herein) |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Through a knowing and uniform pay policy and practice, Defendants South Lyon Hotel, Inc. ("Hotel") and Corry Bala systematically failed to pay Plaintiff Christian Anderson and other similarly situated non-exempt, hourly employees the overtime premium pay they were legally entitled to for working more than forty (40) hours in a workweek. Instead, Defendants paid Anderson and other similarly situated employees straight-time compensation for overtime hours

worked, including through off-the-books cash payments that concealed the true number of hours worked and the absence of the legally required overtime premium. When Anderson complained about these unlawful pay practices, Bala told him that "no one gets time and a half" and that if he did not like it he was free to leave, and Defendants thereafter retaliated against Anderson by ceasing to schedule him for work and ending his employment. Accordingly, Defendants' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215(a)(3). On behalf of himself and all other similarly situated employees, Anderson brings this collective action for the recovery of unpaid overtime wages, liquidated damages, retaliation damages, attorneys' fees, costs, and other appropriate relief under the FLSA, 29 U.S.C. § 216(b). The following allegations are based upon information and belief, and upon personal knowledge as to Anderson's own conduct and the acts of others.

## PARTIES

1. Anderson is an individual residing in Oakland County, Michigan, who performed work for Defendants within the last three years for which he was not paid all overtime wages guaranteed by the Fair Labor Standards Act.

2. Hotel is an active Michigan domestic profit corporation with its registered office located at 201 N. Lafayette, South Lyon, Michigan 48178.

3. Bala is, upon information and belief, an owner, operating partner, principal, and/or other managerial agent of Hotel who exercised operational control over Anderson's work, pay, and scheduling.

4. The Collective Members are all current and former non-exempt, hourly employees of Hotel who worked more than forty (40) hours in one or more workweeks during the three-year period immediately preceding the filing of this action and were not paid the overtime premium required by the FLSA.

2

## JURISDICTION & VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.    This Court may exercise personal jurisdiction over Hotel because Hotel transacted business in Michigan and employed Anderson in this District.

7.    This Court may exercise personal jurisdiction over Bala because Bala resides in Michigan and made and enforced the pay and scheduling decisions challenged herein in Michigan.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District and Defendants reside in this District.

## FLSA COVERAGE

9.    At all times referenced herein, Hotel was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s)(1), in that Hotel had employees engaged in commerce or handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by a person other than Hotel and had an annual gross volume of sales made or business done of not less than $500,000.00.

10.   At all times referenced herein, Bala exercised control over Hotel's operations and over the manner in which Anderson and similarly situated employees were scheduled and paid.

11.   At all times referenced herein, Hotel and Bala were Anderson's employers within the meaning of 29 U.S.C. § 203(d).

12.   Hotel and Bala are each a "person" within the meaning of 29 U.S.C. § 203(a).

## FACTUAL ALLEGATIONS

13.   At all times referenced herein, Hotel operated a hotel and restaurant located at 201 N. Lafayette Street, South Lyon, Michigan 48178.

14.   In or about August 2025, Defendants hired Anderson to work as a cook.

3

15. Anderson's duties included cooking, food preparation, training new employees, and assisting with menu development and other kitchen operations.

16. Anderson was paid on an hourly basis at a regular rate of $24.00 per hour.

17. At all times referenced herein, Hotel employed non-exempt, hourly employees, including cooks, other back-of-house workers, desk clerks, and cleaners.

18. At all times referenced herein, Defendants maintained and enforced a common pay practice of failing to pay the overtime premium required by the FLSA to non-exempt, hourly employees who worked more than forty (40) hours in a workweek.

19. Instead of paying the required overtime premium, Defendants paid no more than straight-time compensation for overtime hours worked and paid that compensation through off-the-books cash payments.

20. Defendants knew they were legally required to pay overtime at one and one-half times the regular rate for hours worked over forty (40) in a workweek.

21. Defendants nevertheless made the willful and intentional decision not to pay the required overtime premium.

22. Anderson regularly and customarily worked between fifty (50) and sixty (60) hours in a workweek for Defendants.

23. For example, Anderson's time records for the week ending September 14, 2025 reflected approximately 62.48 hours worked.

24. Anderson's time records for the week ending September 21, 2025 reflected approximately 61.05 hours worked.

25. Anderson's time records for the week ending October 5, 2025 reflected approximately 56.32 hours worked.

26. Defendants' posted kitchen schedules likewise assigned Anderson repeated long shifts throughout September, October, and early November 2025.

4

27. Despite Anderson's overtime work, Defendants issued biweekly pay stubs reflecting exactly eighty (80) hours of pay at $24.00 per hour for gross biweekly pay of $1,920.00.

28. Defendants' pay stub for the period beginning September 1, 2025 and ending September 14, 2025 reflected exactly eighty (80) hours and gross pay of $1,920.00.

29. Defendants' pay stub for the period beginning September 15, 2025 and ending September 28, 2025 reflected exactly eighty (80) hours and gross pay of $1,920.00.

30. Defendants' pay stub for the period beginning October 13, 2025 and ending October 26, 2025 reflected exactly eighty (80) hours and gross pay of $1,920.00.

31. Defendants did not pay Anderson one and one-half times his regular rate for hours worked over forty (40) in any workweek.

32. Instead, Defendants paid Anderson for only forty (40) hours per week through payroll and paid additional hours, at most, in cash at his straight hourly rate.

33. Defendants did not list all hours worked or any overtime premium on Anderson's pay stubs.

34. During his employment, Anderson engaged in protected activity under the FLSA by complaining directly to Bala about not receiving proper overtime pay.

35. In response to Anderson's complaints, Bala told Anderson that "no one gets time and a half."

36. In response to Anderson's complaints, Bala further told Anderson that if he did not like the way Defendants paid overtime he was free to leave.

37. Bala also told Anderson that Defendants handled pay in that manner because Hotel did not want to "throw off the tax bracket" and claimed Defendants could not afford to pay legally required overtime.

38. Defendants did not fail to pay overtime by mistake, oversight, or misunderstanding, but instead intentionally paid Anderson and other similarly situated non-exempt, hourly employees through a two-track system under which only forty (40) hours per week were reflected through payroll and additional hours were paid, at most, in cash at straight time.

39. By paying overtime hours off the books in cash rather than through payroll at one and one-half times the regular rate, Defendants intentionally concealed the true number of hours worked, avoided creating payroll records reflecting overtime liability, and implemented a scheme designed to evade the FLSA's overtime requirements.

40. Defendants' knowledge and reckless disregard are further shown by Bala's statements to Anderson that "no one gets time and a half," that Anderson was free to leave if he did not like Defendants' overtime practices, and that Defendants handled pay in that manner because they did not want to "throw off the tax bracket" and could not afford to pay legally required overtime.

41. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a), and the three-year statute of limitations therefore applies to Anderson's claims and to the claims of the Collective Members.

42. On or about November 9, 2025, Defendants ceased providing Anderson his weekly work schedule.

43. On or about November 9, 2025, Defendants ceased communicating with Anderson regarding further work assignments.

44. By ceasing to schedule Anderson for work after he complained about unpaid overtime, Defendants ended Anderson's employment.

45. Defendants ended Anderson's employment because Anderson complained about Defendants' unlawful overtime practices.

46. Defendants' retaliatory conduct was willful and intentional.

47. As a direct and proximate result of Defendants' unlawful conduct, Anderson has suffered and continues to suffer damages.

6

**COLLECTIVE ACTION ALLEGATIONS**

48. Anderson brings Count I as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated Collective Members.

49. The Collective Members are similarly situated to Anderson because they were subject to the same or substantially similar common pay practices, including the failure to pay the overtime premium required for hours worked over forty (40) in a workweek.

50. The claims of Anderson and the Collective Members depend upon common issues of law and fact, including whether Defendants maintained a common policy or practice of paying straight time, including cash straight time, in lieu of lawful overtime premium pay.

51. Collective treatment is appropriate because Anderson and the Collective Members were all hourly, non-exempt employees whose overtime claims arise from the same pay practices and decisionmakers.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207**
**(Brought Individually And Collectively)**

52. Anderson re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

53. At all times referenced herein, Defendants employed Anderson and the Collective Members within the meaning of the FLSA.

54. At all times referenced herein, Anderson and the Collective Members were non-exempt employees entitled to the overtime protections of the FLSA.

55. The FLSA required Defendants to pay Anderson and the Collective Members overtime compensation at a rate of not less than one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

56. Defendants suffered and permitted Anderson and the Collective Members to work more than forty (40) hours in workweeks during the referenced period.

7

57. Defendants knew the FLSA required them to pay Anderson and the Collective Members one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

58. Defendants nevertheless failed and refused to pay Anderson and the Collective Members the overtime premium wages they earned and to which they were legally entitled under the FLSA.

59. Instead of paying lawful overtime compensation, Defendants intentionally paid Anderson and the Collective Members no more than straight-time compensation for overtime hours worked, including through off-the-books cash payments that concealed the true number of hours worked and the absence of the legally required overtime premium.

60. By paying overtime hours off the books in cash rather than through payroll at one and one-half times the regular rate, Defendants intentionally concealed overtime hours, avoided creating payroll records reflecting overtime liability, and implemented a pay practice designed to evade the FLSA's overtime requirements.

61. Defendants' violations were willful because Defendants knew their pay practices were unlawful or, at minimum, acted with reckless disregard as to whether their pay practices complied with the FLSA.

62. Defendants' violations were not made in good faith, and Defendants lacked objectively reasonable grounds for believing their acts or omissions did not violate the FLSA.

63. As a direct and proximate result of Defendants' unlawful conduct, Anderson and the Collective Members have suffered damages, including unpaid overtime wages and an additional equal amount as liquidated damages.

64. Pursuant to 29 U.S.C. § 216(b), Anderson and the Collective Members are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, costs, and all other relief authorized by law.

**COUNT II: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**
**(Brought Individually By Anderson Only)**

65. Anderson re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs.

66. Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person to discharge or in any other manner discriminate against an employee because that employee filed a complaint or otherwise asserted rights protected by the FLSA.

67. Anderson engaged in protected activity when he complained to Bala and Defendants about Defendants' failure to pay the overtime premium required by the FLSA.

68. Defendants knew Anderson engaged in protected activity.

69. After Anderson engaged in protected activity, Defendants materially retaliated against him by ceasing to schedule him for work and ending his employment.

70. Defendants took those materially adverse actions against Anderson because he complained about Defendants' unlawful overtime practices and attempted to assert his rights under the FLSA.

71. Defendants' retaliatory conduct was willful and intentional.

72. As a direct and proximate result of Defendants' unlawful retaliation, Anderson has suffered damages, including lost wages, lost earning capacity, other economic losses, emotional distress, and other compensable harm.

73. Pursuant to 29 U.S.C. § 216(b), Anderson is entitled to recover all legal and equitable relief available for Defendants' unlawful retaliation, including without limitation lost wages, an additional equal amount as liquidated damages, compensatory damages, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Christian Anderson requests judgment in his favor against Defendants and requests that the Court grant the following relief:

9

(a) Designating Count I of this action as a collective action on behalf of Anderson and the Collective Members pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(b) Issuing notice pursuant to 29 U.S.C. § 216(b) to all Collective Members, apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms;

(c) Equitably tolling the statute of limitations for the claims of the putative Collective Members from the date of filing this Complaint until the expiration of their respective opt-in deadlines;

(d) Awarding Anderson and the Collective Members their unpaid overtime wages and an additional equal amount as liquidated damages for Count I, pursuant to 29 U.S.C. § 216(b);

(e) Awarding Anderson all damages available for unlawful retaliation under Count II, including but not limited to back pay, front pay, lost benefits, emotional distress damages, and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

(f) Awarding pre-judgment and post-judgment interest as provided by law;

(g) Awarding reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b); and

(h) Awarding such other and further relief as this Court deems just and proper

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Christian Anderson demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**